IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

REBEKAH SUZANNE COX, Administratrix
Of the Estate of Shayla Joli Mullins,

    Plaintiff,

v.                                          CIVIL ACTION NO. 3:11-0132
                                          JUDGE _____

THE MARSHALL UNIVERSITY
BOARD OF GOVERNORS,

    Defendant.

## COMPLAINT

Pursuant to the provisions of the West Virginia Medical Professional Liability Act, West Virginia Code §55-7B-1, et seq, plaintiff has served, by certified mail, a notice of claim to each health care provider named in this Complaint. Accompanying that notice of claim were screening certificates of merit as required under the West Virginia Medical Professional Liability Act. No individual, corporation, company, or limited partnership upon whom a notice of claim and screening certificate of merit was served has requested or demanded pre-suit mediation.

1.    At all times relevant to the matters alleged in this Complaint, Shayla Joli Mullins was a resident and citizen of the Commonwealth of Kentucky, Boyd County, Kentucky.

2.    On February 17, 2009, Shayla Joli Mullins was admitted to Cabell Huntington Hospital as a result of burn injuries she had received earlier that day. She remained at Cabell Huntington Hospital until February 19, 2009, when she died.

3.    During her stay at Cabell Huntington Hospital, Shayla Joli Mullins was attended to by Dr. Curtis W. Harrison, Dr. William James Haberlin, Dr. Eduardo Pino, Dr. Jay Lakhani, and Dr. Farid B. Mozaffari, each of whom plaintiff claims was negligent in the care and

treatment of Shayla Joli Mullins, which negligence proximately caused or contributed to cause her death.

4. Prior to issuing the Notice of Claim and Screening Certificates of Merit in this matter, counsel for the Estate of Shayla Joli Mullins confirmed with counsel for the Marshall University Board of Governors that each of the physicians listed in the proceeding paragraph were employees of the Marshall University Medical School at the time they were involved in their care and treatment of Shayla Joli Mullins.

5. Prior to issuing the Notice of Claim and Screening Certificates of Merit in this matter, and prior to the filing of suit, counsel for the plaintiff confirmed with counsel for the Marshall University Board of Governors that (a) the Notice of Claim and Screening Certificates of Merit could be served upon the Marshall University Board of Governors as opposed to each of the individual physicians and that the Marshall University Board of Governors agreed that it could be named as the sole defendant in this matter as opposed to naming each physician individually. The Marshall University Board of Governors, through its counsel, agreed that "Even though it could be argued that the Board of Governors is not vicariously liable for the clinical decision-making of physicians, because it has no authority to direct that clinical decision-making, the Board would not deny that it is vicariously liable for acts alleged in the Complaint to the same extent that a faculty physician would be liable had he or she been named as the defendant."

6. The Marshall University Board of Governors is liable for the negligence committed by Curtis W. Harrison, MD, William James Haberlin, MD, Eduardo Pino, MD, Jay Lakhani, MD, and Farid B. Mozaffari, MD.

7. Jurisdiction is claimed pursuant to 28 U.S.C. §1332 due to diversity of citizenship. The amount in controversy exceeds $75,000 exclusive of interest and cost.

8. Rebekah Suzanne Cox was appointed on the 14th day of January, 2011, by the Commonwealth of Kentucky, Boyd District Court, Probate Division, as the Administratrix of the Estate of Shayla Joli Mullins.

9. Shayla Joli Mullins was admitted to the Pediatric Intensive Care Unit at Cabell Huntington Hospital after sustaining second degree burns.

10. During that admission, a duplex ultrasound of Ms. Mullins's right lower extremity was obtained which documented the presence of a thrombus extending from her right femoral vein to the right popliteal vein. No treatment was recommended and no ultrasound follow up was ordered, despite the fact that the medical records documented by Dr. Pino noted the presence of the deep vein thrombosis and the need for follow up examinations and treatment of the condition. Ms. Mullins required endotracheal intubation for airway control in the Emergency Department and was subsequently transferred to the Pediatric Intensive Care Unit for stabilization. She continued to require mechanical ventilation throughout her hospitalization, but her gas exchange and respiratory status remained acceptable until February 19, 2009, at which time she had a sudden catastrophic event manifested by a marked decrease in her heart rate and oxygen desaturation. Intravenous epinephrine was administered with stabilization of the patient's hemodynamic status, when she subsequently had a severe episode of marked oxygen desaturation and bradycardia. Ms. Mullins's condition deteriorated with severe oxygen desaturation and bradycardia and, despite prolonged cardiopulmonary resuscitation, she died on February 19, 2009.

11. Based on the presence of severe deep vein thrombosis in the right femoral vein and the decision not to treat the thrombosis with anticoagulants, therapy or medications, and based on the sudden catastrophic cardiopulmonary event resulting in her death, Shayla Joli Mullins died as a result of a pulmonary embolus.

12. The applicable standard of care required treatment of the deep vein thrombosis that was evident on the testing performed at Cabell Huntington Hospital, and the failure to provide such treatment proximately caused or contributed to cause the death of Shayla Joli Mullins.

13. Curtis W. Harrison, MD, William James Haberlin, MD, Eduardo Pino, MD, Jay Lakhani, MD, and Farid B. Mozaffari, MD were all actively involved in the care and treatment of Shayla Joli Mullins and knew or should have known of the results of the lower extremity ultrasound which revealed a thrombus in Ms. Mullins's lower extremity, which required treatment with anticoagulants, therapy or other medications. The failure to provide this standard therapy caused or contributed to cause her death.

14. The physicians previously set forth violated the applicable standard of care by failing to note or act upon the duplex ultrasound of Ms. Mullins's right lower extremity and by failing to provide appropriate care to prevent a pulmonary embolus from occurring.

15. In their care and treatment of Shayla Joli Mullins, the physicians previously set forth failed to act in the same manner in which reasonably prudent physicians would have under the same or like circumstances, which negligence proximately caused or contributed to cause the death of Shayla Joli Mullins.

16. In their care and treatment of Shayla Joli Mullins, the physicians of the Marshall University Board of Governors failed to act in the same manner in which reasonably prudent

medical care providers or physicians would have under the same or like circumstances, which negligence proximately caused or contributed to cause the death of Shayla Joli Mullins.

17. If appropriate care to treat the deep vein thrombosis which was evident on testing had been provided, Shayla Joli Mullins would have had a greater than 25% chance or opportunity of surviving.

18. Pursuant to the provisions of West Virginia Code §55-7B-6, a Notice of Claim and Screening Certificates of Merit were provided to the Marshall University Board of Governors, including reports from Nick G. Anas, MD and Rita S. Meek, MD, each of which opined that the actions of the physicians previously set forth in this Complaint, and thereby the Marshall University Board of Governors, violated the applicable standard of care in their treatment of Shayla Joli Mullins and that such negligence proximately caused or contributed to cause the death of Ms. Mullins.

19. Prior to her death, as a direct and proximate result of the negligence of the physicians previously set forth, Shayla Joli Mullins endured substantial pre-death pain and suffering, which is compensable under the laws of the State of West Virginia for which recovery is sought in this litigation.

20. As a direct and proximate result of the negligence of the physicians previously set forth in this Complaint, the Estate of Shayla Joli Mullins incurred expenses for her burial, all of which are recoverable items of damages under West Virginia laws for which recovery is sought in this litigation.

21. As a direct and proximate result of the negligence of the physicians previously set forth herein, the plaintiff seeks recovery for all damages permitted under the West Virginia Wrongful Death Act.

22. As a direct and proximate result of the negligence of the physicians previously set forth herein, the Estate of Shayla Joli Mullins suffered a loss of reasonably expected income which is a recoverable item of damages under West Virginia law for which recovery is sought in this litigation.

WHEREFORE, the plaintiff demands judgment against the Marshall University Board of Governors for the allegations set forth in this Complaint. The plaintiff seeks recovery for all compensatory damages, pre- and post-judgment interest, attorneys' fees, costs, medical expenses, and all other damages allowed by law.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

 

**REBEKAH SUZANNE COX, Administratrix
Of the Estate of Shayla Joli Mullins,**

**By Counsel,**

_____
Arden J. Curry, II
Pauley Curry, PLLC
P.O. Box 2786
Charleston, WV 25330-2786
304-342-6000
304-342-6007 Fax